# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:08CR5

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **PRELIMINARY ORDER** |
| v. ) | **OF FORFEITURE** |
| ) | |
| (1) JEFFREY WILLIAM BRANNIGAN ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Government's motion for a preliminary order of forfeiture filed July 17, 2008.

The Defendant is charged along with three co-Defendants with conspiracy to manufacture with intent to distribute marijuana and conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. **Bill of Indictment, filed February 5, 2008.** Pursuant to a plea agreement with the Government, the Defendant has entered a guilty plea to Count One of the indictment and has agreed to the forfeiture of the real property identified as 415 Buzzard's Roost, Cullowhee, North Carolina. *See* **Plea Agreement, filed April 11, 2008; Rule 11 Inquiry and Order of Acceptance of Plea, filed April 18, 2008.** By entering his guilty plea and agreeing to the forfeiture, the Defendant has admitted the subject property constituted or was derived from proceeds the Defendant obtained, directly or indirectly, as a result of the violations alleged in the indictment; and/or all such property was used or intended to be used in any manner or part to commit or facilitate the commission of the violations named in the indictment.

1

The Court has determined, based on the indictment and entry of the guilty plea by the Defendant, that the below-described property is subject to forfeiture pursuant to 21 U.S.C. § 853 and that the Government has established the requisite nexus between such property and such violations and that the Defendant had an interest in the property.

**IT IS, THEREFORE, ORDERED** that the Government's motion for a preliminary order of forfeiture is **ALLOWED.**

**IT IS FURTHER ORDERED** that the following property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

> **- Real Property - 415 Buzzard's Roost, Cullowhee, North Carolina, as described in a deed at Book 803, Page 479, in the Public Registry of Jackson County, North Carolina, being real property, together with all residences, buildings, appurtenances, improvements, and attachments thereon, titled in the names of Jeffrey William Brannigan and Vanessa Dawn Brannigan, husband and wife**

**IT IS FURTHER ORDERED THAT:**

1. The Attorney General (or his designee) is authorized to seize the forfeited property subject to forfeiture; to conduct any discovery proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights. Fed. R. Crim. P. 32.2(b)(3).

2. Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish three times in a newspaper of general circulation, notice of this order and of its intent to dispose of the property in such manner as the United States may direct. In lieu of newspaper publication, the Government may publish notice on the internet as permitted by law. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged

an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3. Any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property may, within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the property, and for an amendment of the Order of Forfeiture pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. § 853(n)(2) and (3).

4. After the disposition of any motion filed under Fed. R. Crim P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

5. This Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgement. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

6. Upon adjudication of third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32(c)(2).

7. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Signed: July 18, 2008

Lacy H. Thornburg
United States District Judge